[No. 8568. Department Two. February 15, 1910.]

NATALE LOMBARDO, *Respondent*, v. A. LOMBARDINI, *as Administrator etc., Appellant.*[1]

ALTERATION OF INSTRUMENTS—PROMISSORY NOTE—CONTRADICTORY DATES—ALTERATION—MATERIALITY. Where a promissory note, due one year after, was executed October 24th, 1902, but by mistake in filling a printed blank the date was written as 1892, a statement plainly written in ink that the 'note was due October 24th, 1903, contradicts and controls the printed date line; hence it was not a material alteration for the payee to change the printed figures of the date line to 1902.

Appeal from a judgment of the superior court for King county, Ronald, J., entered July 2, 1909, upon the verdict of a jury rendered in favor of the defendant, in an action upon a promissory note. Affirmed.

*Fred H. Peterson, Philip D. Macbride,* and *Vince H. Faben,* for appellant.

*Karr & Gregory,* for respondent.

MOUNT, J.—Respondent brought this action to recover upon a promissory note. The cause was tried to the court and a jury, and resulted in a verdict and judgment in favor of the plaintiff for the face of the note, with interest as provided therein. Defendant has appealed.

The complaint alleged:

"That on the 24th day of October, 1902, the said W. Lombardini and J. Lombardini made a certain promissory note in writing bearing date October 24, 1892.

[1]Reported in 106 Pac. 907.

"(4)     That the date of 1892 is a mistake of the scrivener who wrote the note, and that said note was made on an old form and due to a mistake the date was given as 1892 instead of 1902, the correct date of said note.

"(5)     That since said date plaintiff has changed the date of said note to read 1902, which is the correct date of said note, said note being in words and figures as follows, to wit:"

Then follows a copy of the note. The principal contention at the trial of the cause, and the main point made here, is that this alteration in the date line of the note avoided it. The original note was introduced in evidence, which shows upon its face that it was written upon a blank form. In the date line at the top of the note the words "Seattle, Wash." and the figures "189" were printed with a dotted blank line between them, thus: "Seattle, Wash.,........189." The scrivener inserted the words "October 24th" in ink on the dotted line, and the figure "2" also in ink after the printed figures "189," making the date line read "Seattle, Wash., October 24th, 1892." On the last line of the note the word "Due" was printed, followed by a dotted line. The scrivener inserted in ink the words "October 24th, 1903," on that line. The note recites that it was payable "one year after date." It was conceded upon the trial that counsel for the plaintiff at the time he prepared the complaint drew a pen through the printed figures "189" and above them wrote the figures "190." It is argued by the appellant that this was a material alteration of the note, and avoided it. Numerous authorities are cited to the effect that, where a negotiable instrument is materially altered without the assent of all parties liable thereon, it is void as against the party who has not himself made, authorized, or consented to the alteration, and section 124 of the Laws of 1899, page 362, is cited to the same effect (Rem. & Bal. Code, § 3514). Appellant relies upon section 125 of the same act (Id., § 3515), which defines a material alteration as follows:

23—57 WASH.

"Any alteration which changes (1) the date . . . or any other change or addition which alters the effect of the instrument in any effect, is a material alteration."

The argument of the appellant is no doubt sound if the alteration here made is material so as to change the date or to alter the effect of the instrument. The note upon its face shows that the makers promised to pay one year after date and recited that the note was "due October 24th, 1903." The words "October 24th, 1903," were written in ink plainly and in the same hand and at the same time the note was made. The figures "189" at the head of the note in the date line were printed. The scrivener followed these printed figures with the figure "2" in ink. The dates contradicted each other upon the face of the note. Under such conditions, the written figures control the printed ones, so that the true date of the note will be construed as 1902 and not as 1892. The alteration, therefore, did not change the date of the note nor alter the effect of the instrument and was, of course, not material. The other alleged errors are based largely upon the point just considered.

We find no merit in any of them, and the judgment must therefore be affirmed.

Rudkin, C. J., Crow, Parker, and Dunbar, JJ., concur.